Mark L. Javitch (CA SBN 323729)
210 S Ellsworth Ave #486
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Plaintiff/Attorney*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MARK L. JAVITCH, | Case Number: 3:19-cv-05451 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| BRANDREP LLC, a Delaware limited liability company | **JURY TRIAL DEMANDED** |
| Defendant. | |

1.      Plaintiff Mark L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant BRANDREP LLC (Defendant "BrandRep"), to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

## NATURE OF THE ACTION

2.      Defendant sells its services placing business listings on google and other search engines.  As a part of marketing their products and services, Defendant and its agents placed calls to Plaintiff's cell phone.  When Plaintiff answered, Defendant played Plaintiff a prerecorded voice advertisement.

3.      Unfortunately, Defendant did not obtain consent from Plaintiff prior to calling his cell phone hundreds of times, and Defendant is therefore liable for many common law torts

COMPLAINT
Page 1

CASE NO.: 3:19-cv-05451

1   and in violation of many statutes, including the Telephone Consumer Protection Act, 47 U.S.C.

2   § 227 (the "TCPA").

3       4.     Congress enacted the TCPA in 1991 to restrict the use of sophisticated

4   telemarketing equipment that could target millions of consumers *en masse*.   Congress found

5   that these calls were not only a nuisance and an invasion of privacy to consumers specifically

6   but were also a threat to interstate commerce generally.   *See* S. Rep. No. 102-178, at 2-3

7   (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8       5.     The TCPA targets unauthorized calls exactly like the ones alleged in this case,

9   based on Defendant's use of technological equipment to send hundreds of advertisements to

10  Plaintiff's cell phone without his consent.

11      6.     By placing the calls at issue, Defendant has violated the privacy of Plaintiff and

12  caused him to suffer damages that are actual and recognized by statute.

13      7.     Plaintiff therefore seeks an injunction requiring Defendant to stop calling his

14  cell phone, as well as an award of actual and statutory damages, civil penalties, costs and

15  reasonable attorneys' fees.

16                              **PARTIES**

17      8.     Plaintiff Mark Javitch is a natural person and is a citizen of the Northern District

18  of California.

19      **9.**     Defendant BrandRep is a limited liability company created and existing under

20  the laws of the State of Delaware with its principal place of business at 16812 Armstrong

21  Avenue, Suite 200, Irvine, California, 92606.

22

23                       **JURISDICTION AND VENUE**

24      10.    This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as

25  this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a

26  federal statute.

27      11.    This Court has supplemental jurisdiction over all Plaintiff's California and

28  common law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claims

COMPLAINT                                    CASE NO.: 3:19-cv-05451
Page 2

1    in this action that arise under the Court's original jurisdiction that they form part of the same

2    case or controversy.

3        12.    This Court has personal jurisdiction over Defendant because it conducts

4    business in this District and in the State of California and because the events giving rise to this

5    lawsuit occurred in this District.

6        13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because

7    Defendant regularly conducts business in the State of California and in this District, and

8    because the wrongful conduct giving rise to this case occurred in this District.

9

10                                          **FACTS**

11       14.    On August 23, 2019, Plaintiff received a call from Defendant at 2:30 p.m.

12       15.    The call was received on a cell phone number ending in 8000.

13       16.    The incoming caller ID displayed a spoofed or falsified phone number of +1

14   (650) 758-0683.

15       17.    The phone number was spoofed because Defendant is located in Irvine,

16   California, not Northern California, as the area number indicated.

17       18.    When Plaintiff answered the call, he heard a prerecorded voice message saying

18   that said "your Google listing is expired."

19       19.    The prerecorded message prompted Plaintiff to "press one" to fix the expired

20   listing.

21       20.    Plaintiff pressed one and was then connected with a live telemarketing agent.

22       21.    The agent offered to place a business listing on google.

23       22.    The live representative texted Plaintiff to visit Defendant's website at

24   www.brandrep.com.

25       23.    Defendant never obtained Plaintiff's consent to call him at any time.

26

27

28

COMPLAINT                                           CASE NO.: 3:19-cv-05451
Page 3

# FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991

24.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25.     Defendant and/or its agents placed at least one telephone call to Plaintiff's cellular telephone.

26.     Plaintiff never consented to receive calls from Defendant.  Plaintiff has no relationship with Defendant.

27.     Defendant's call was made for the purpose of marketing and advertising, constituting commercial advertising and telemarketing as contemplated by the TCPA.

28.     Defendant played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

29.     As a result of its unlawful conduct, Plaintiff suffered statutory damages is entitled under 47 U.S.C. § 227(b)(3)(B), to recover $500 in civil penalties for each violation and an injunction requiring Defendant to stop its illegal calling.

30.     Not only did Defendant make these violating calls, Defendant and/or its agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

31.     If the court finds that Defendant willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

# SECOND CAUSE OF ACTION
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Injunctive Relief under §1780)

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

34.     Cal. Civ. Code §1770(a)(22)(A) prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the

COMPLAINT                                                                    CASE NO.: 3:19-cv-05451
Page 4

1    person answering the telephone of the name of the caller or the organization being represented,

2    the address or the telephone number of the caller, and without first obtaining the consent of that

3    person to listen to the prerecorded message."

4         35.     By playing a prerecorded voice message to Plaintiff's cell phone hundreds of

5    times without first asking for his consent with a natural voice, Defendant has violated Cal. Civ.

6    Code §1770(a)(22)(A).

7         36.     Plaintiff is entitled to injunctive relief under Cal. Civ. Code §1780(a).

8

9    **PRAYER FOR RELIEF**

10

11        37.     WHEREFORE, Plaintiff Mark L. Javitch prays for the following relief:

12       a) An injunction requiring Defendant to cease all calls to Plaintiff;

13       b) An order declaring that Defendant's actions, as set out above, violate the

14          TCPA;

15       c) An order declaring that Defendant's actions, as set out above, *knowingly* and

16          *willfully* violate the TCPA;

17       d) An order declaring that Defendant's actions, as set out above, violate the

18          California's Consumers Legal Remedies Act §1770(a)(22)(A);

19       e) An award of actual and/or statutory damages and civil penalties;

20       f) An award of reasonable attorneys' fees and costs; and

21       g) Such other and further relief that the Court deems reasonable and just.

22

23   **JURY DEMAND**

24   Plaintiff requests a trial by jury of all claims that can be so tried.

25

26   Dated: August 29, 2019

27                                 Respectfully submitted,

28

COMPLAINT                                     CASE NO.: <u>3:19-cv-05451</u>
Page 5

1

MARK L. JAVITCH

2

3

By:  /s/ Mark L. Javitch            .

4

Mark L. Javitch (SBN 323729)
Mark L. Javitch, Attorney at Law

5

210 S. Ellsworth Ave #486
San Mateo CA 94401

6

Tel: 402-301-5544

7

Fax: 402-396-7131
*Plaintiff/Attorney*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
Page 6

CASE NO.: 3:19-cv-05451

1

## Cal. Civ. Code 1780(d) Affidavit

2

3    An action may be commenced in the county in which the person against whom it is brought
     resides, has his or her principal place of business, or is doing business, or in the county where
4    the transaction or any substantial portion thereof occurred.

5    Plaintiff lives in San Mateo County, California.  The closest court where Plaintiff could assert
     both her federal and state claims is in this Federal District Court in San Francisco, California.
6    Therefore, this case has been filed in the proper court.

7    I, Mark Javitch, hereby declare the above to be true and correct on this 29th day of August,
     2019.
8

9

10                                         Respectfully submitted,

11                                         MARK L. JAVITCH

12

13                                         By:  /s/ Mark L. Javitch              .

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                          CASE NO.: 3:19-cv-05451
Page 7